IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

KARL DOUGLAS STEPHENS,      )
                                )
          Plaintiff,        )              2:19-CV-01053-MJH
                                )
      vs.                      )
                                )
UNITED STATES OF AMERICA,     )
                                )
          Defendant,     )

OPINION

Plaintiff, Karl Stephens Douglas, *pro se* brings the within action ostensibly for assault, battery, neglect, libel, slander, and misrepresentation[1] against Defendant, United States of America.   Defendant has filed a Motion to Dismiss pursuant to Fed. R. Civ. P. 12(b)(1), 12(b)(3), and (b)(6).  The matter is now ripe for consideration.

Upon consideration of Plaintiff's Complaint (ECF No. 1) and the documents he has filed in support (ECF Nos. 3-8, 26-29, and 31-34), Defendant's Motion to Dismiss and Brief in Support (ECF Nos. 24 and 25),[2] and for the following reasons, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) will be granted, and Defendant's Motions to Dismiss under Fed. R. Civ. P. 12(b)(3) and12(b)(6) will be rendered moot.

    I.       Background

Mr. Stephens underwent a medical procedure in 2011 though the Veterans Administration Pittsburgh Health Care System.  (ECF No. 5). Within days, Mr. Stephens

---

[1] Plaintiff's Complaint does not name causes of action specifically, and the list above reflects both Defendant and the Court's best extrapolation of Plaintiff's claims.

[2] Plaintiff has filed numerous documents in this case (ECF Nos. 3-8, 26-29, and 31-34). By Court Order of June 11, 2020 (ECF No. 30), Plaintiff was directed to file a response to the legal arguments on Defendant's Motion to Dismiss by June 29, 2020.  Plaintiff did not file any documents responsive to Defendant's legal arguments.

reported to VA personnel that he had been assaulted in conjunction with the January 2011 procedure. (ECF No. 5 at pp. 2-6).  The VA Police opened an investigation into the alleged incident in January 2011. *Id*. Stephens reported to the investigating officer that a staff member covered his mouth and nostrils with soap. *Id*. The investigating officer prepared a report describing the typical procedure for the application of anesthesia and concluded that no employee wrongdoing had occurred, and that Mr. Stephens was "confused and disoriented." *Id*. at pp 3-4.  On June 2, 2019, Mr. Stephens filed an administrative claim with the Department of Veterans Administration (hereinafter "VA") stating that in January 2011 he was assaulted and poisoned by an operating room employee at the VA Pittsburgh Health Care System. (ECF No. 25-1).  The VA denied Stephens's claim on July 23, 2019, because the claim was not filed within the two-year limitations period provided in Section 2401(b) of the Federal Tort Claims Act ("FTCA"). (ECF No. 25-3).

 Mr. Stephens, a resident of Wellsburg, West Virginia, filed his Complaint on August 22, 2019.  (ECF No. 1).  In Count I[3], Stephens alleges that an unidentified person "assaulted and poisoned" him in January 2011 during his transit by gurney from the operating room to recovery room after the medical procedure at the VA facility in Pittsburgh.  *Id*. at p. 2.   Mr. Stephens does not identify the person by name or whether that person is a federal employee.  *Id.*  In Count II, Stephens alleges that "officials" have lied and also denied and neglected proper treatment with respect to the alleged poisoning in 2011.  *Id*.  Mr. Stephens does not identify the persons "lying" or on what dates any care was withheld or his condition neglected, but only that these actions have been "going on 9 years." *Id*.  In Count III, Mr. Stephens avers that three employees committed "libel" and "slander" by signing a "bogus paper" saying he is insane and publicizing the claim of insanity to the Pennsylvania mental health department. *Id*.  Mr. Stephens does not

---

[3] Plaintiff's Complaint labels his Counts as "Claims."

identify who employs the three individuals in question, when the dates on which the "bogus paper" was created or publicized, or what document allegedly containied the defamatory statements. *Id.* Count III avers no injury resulting from the alleged libel. *Id.*

In Count IV, Mr. Stephens alleges that in February 2019, an official at the Veterans Administration Huntington Medical Center in Huntington, West Virginia had a "bogus paper" signed saying Mr. Stephens is insane and had him temporarily admitted to the M.M. Bateman Huntington Mental Health Hospital. *Id.* at pp. 2-3. Mr. Stephens does not identify the official, nor does he allege an injury resulted from the libel. *Id.*

In Count V, Mr. Stephens alleges that a federal employee ordered a private neurologist from the Cleveland Clinic (in Ohio) to cease treatment. *Id.* at pp. 3-5. Mr. Stephens does not identify the claimed federal employee or a cause of action. *Id.* Count V also claims that "bogus tests" were authorized by the Veterans Administration Huntington West Virginia Medical Center. *Id.* Mr. Stephens does not identify the nature or date of the supposed tests, nor any injury from the actions alleged. *Id.* In Count V, Mr. Stephens aver that he also wants "to talk to Dr. Wilson to continue his testing so he can diagnose me so I can be treated." *Id.* at p. 3.

In Count VI, Mr. Stephens recites injuries he claims to have sustained from the alleged poisoning in 2011, but alleges no new cause of action. *Id.* Count VII lists several other actions of federal officials that Stephens claims are "illegal." *Id.* at pp. 4-5. Mr. Stephens alleges that in February 2019 a woman from the Veterans Administration Huntington Medical Center lied about him threatening the police. *Id.* Mr. Stephens does not identify the purported VA employee nor allege an injury. Count VII also alleges that the VA Pittsburgh Health Services fired his primary care physician. *Id.* No action against nor injury to Stephens is described. Finally, Count VII alleges the VA Pittsburgh Health Care Services lost his medical records. Stephens does not identify what tort any of said actions individually or collectively constitute, if proven.

The United States moves to dismiss Mr. Stephens' Complaint on the basis that this Court has no subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(b)(1) because sovereign immunity precludes Mr. Stephens' claims; that Mr. Stephens' Complaint fails to state a claim for which relief can be granted under Fed. R. Civ. P. 12(b)(6) because the FTCA requires a plaintiff to file an administrative claim for relief with a federal agency within statutory timelines that Mr. Stephens has not met; and that Mr. Stephens' Complaint should be dismissed for improper venue under Fed. R. Civ. P. 12(b)(3) because neither the conduct alleged in Counts IV and V nor the Plaintiff's claimed residence are in the Western District of Pennsylvania.

II.    Discussion

A.  Motion to Dismiss under Rule 12(b)(1)

1.  Legal Standard

Rule 12(b)(1) of the Federal Rules of Civil Procedure allows a court to dismiss a complaint for lack of subject matter jurisdiction. Fed. R. Civ. P. 12(b)(1). Subject matter jurisdiction is the Court's authority to hear a case. If a case, as presented by the plaintiff, does not meet the requirements of subject matter jurisdiction or if it is otherwise barred by law, then the Court must dismiss the plaintiff's action.

The plaintiff generally has the burden of establishing that the court has subject matter jurisdiction. *Lightfoot v. United States*, 564 F.3d 625, 627 (3d Cir. 2009). The defendant can challenge whether the plaintiff has done so, through either a facial challenge or a factual challenge to the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d 625, 632 (3d Cir. 2017).

In a facial challenge, the court looks to the face of the complaint and accepts as true the facts alleged by the plaintiff. *Hartig Drug Co. v. Senju Pharm. Co.*, 836 F.3d 261, 268 (3d Cir. 2016). If the court cannot conclude, based on face of the complaint, that jurisdictional

requirements are met, then the court must dismiss the complaint. *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (citing *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)). In other words, a facial challenge "calls for a district court to apply the same standard of review it would use in considering a motion to dismiss under Rule 12(b)(6)." *Constitution Party v. Aichele*, 757 F.3d 347, 358 (3d Cir. 2014). Thus, "'[t]hreadbare recitals of the elements of [jurisdiction], supported by mere conclusory statements, do not suffice.'" *In re Horizon Healthcare Servs. Data Breach Litig.*, 846 F.3d at 633 (quoting *Iqbal*, 556 U.S. at 678). In a factual challenge, however, the plaintiff's factual allegations are not presumed to be true, and the court "is free to weigh the evidence and satisfy itself as to the existence of its power to hear the case." *Hartig Drug Co.*, 836 F.3d at 268. A factual challenge may only be raised after an answer has been filed. *Long v. SEPTA*, 903 F.3d 312, 320 (3d Cir. 2018). Thus, any motion to dismiss for lack of subject matter jurisdiction filed prior to an answer is, by default, a facial challenge. *Id.*

Importantly, the court has "an independent obligation to determine whether subject-matter jurisdiction exists, even in the absence of a challenge from" the defendant. *Arbaugh v. Y&H Corp.*, 546 U.S. 500, 514 (2006). Federal courts cannot exercise jurisdiction where Congress has not given it, even if all parties assume subject matter jurisdiction exists. *Hartig Drug Co.*, 836 F.3d at 267. Subject matter jurisdiction cannot be waived. Fed. R. Civ. P. 12(h)(3).

    2.   Analysis

        a.   Counts I, III, IV, and VI-assault, battery, libel, slander, and misrepresentation

The United States argues that this Court lacks subject matter jurisdiction over Mr. Stephens' Complaint at Counts I, III, IV, and VI because the Federal Tort Claims Act's limited waiver of sovereign immunity exempts claims arising out of assault, battery, libel, slander, and

misrepresentation.     As noted above, Plaintiff did not file anything responsive to Defendants'
arguments for dismissal.  From the Court's reading of the Complaint, Counts I, III, IV, and VI
allege conduct arising out of assault, battery, libel, slander, or misrepresentation. (ECF No. 1).

 "Sovereign immunity not only protects the United States from liability, it deprives a
court of subject matter jurisdiction over claims against the United States." *Richards v. United
States*, 176 F.3d 652, 654 (3d Cir. 1999). The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b) and
2671-2680 (hereinafter "FTCA"), is the exclusive limited waiver of sovereign immunity for
certain torts, and must be strictly construed. *See White-Squire v. U.S. Postal Serv.*, 592 F.3d 453,
456 (3d Cir. 2010). Section 1346(b) of the FTCA gives federal district courts exclusive
jurisdiction over claims for money damages against the United States for those torts cognizable
under state law that are committed by federal employees acting within the scope of their
employment. 28 U.S.C. § 2679(b)(1); 28 U.S.C. § 1346(a), (b); see generally *United States v.
Orleans*, 425 U.S. 807, 813 (1976).  However, the FTCA specifically excludes claims for
damages arising from certain acts, including assault, battery, libel, slander, and
misrepresentation. 28 U.S.C. § 2680(h); *United States v. Shearer*, 473 U.S. 52, 54-55 (1985)
(finding that FTCA's wavier of sovereign immunity does not apply to claims "arising out of
assault [or] battery.").

Mr. Stephens' claims for assault, battery, libel, slander, or misrepresentation within
Counts I, III, IV, and VI of his Complaint cannot be raised under the FTCA.    The United
States only waives its sovereign immunity if the claim falls within the FTCA.  Here, without a
claim that falls under the FTCA, the United States can maintain its sovereign immunity from the
assault, battery, libel, slander, or misrepresentation claims brought by Mr. Stephens.    Because
the United States has sovereign immunity under the claims in Counts I, III, IV, and VI, this
Court does not have jurisdiction of said counts.  Therefore, Defendant's Motion to Dismiss

under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction, will be granted as to

Counts I, III, IV, and VI.    Said counts will be dismissed.

> b.   Count II-Neglect and Withholding Treatment

The Court notes, sua sponte, that Count II, which describes neglect and withholding

treatment for nine years, was not raised through the VA administrative process.  (ECF No. 25-

2).    28 U.S.C. § 2675(a) mandates that a tort action "shall not be instituted" against the United

States unless two prerequisites have been satisfied: (1) "the claimant shall have first presented

the claim" to the relevant agency and (2) the claim "shall have been finally denied by the

agency in writing." 28 U.S.C. § 2675(a). Thus, no FTCA action may be commenced on a claim

against the United States until the claimant has first presented, and exhausted, the available

administrative remedies prior to bringing suit in any court. *McNeil v. United States*, 508 U.S.

106, 111-13 (1993). If a plaintiff files a suit without having submitted a timely claim to the

appropriate agency, the suit must be dismissed. *Id*. at 112-13 (1993); *Perez-Barron v. United

States*, 480 F. App'x 688, 691 (3d Cir. 2012). Thus, conformity with § 2675(a) is a

jurisdictional term of the FTCA's limited waiver of sovereign immunity. *See, e.g., Abulkhair v.

Bush*, 413 F. App'x 502, 506 (3d Cir. 2011) ("**Failing to follow this procedure [of

administrative exhaustion] deprives federal courts of subject matter

jurisdiction.**")(emphasis added) (citing *White–Squire v. USPS*, 592 F.3d 453, 456–58 (3d Cir.

2010)); *Accolla v. United States Gov't*, 369 F. App'x 408, 409–10 (3d Cir. 2010) (finding the

district court properly dismissed FTCA claim where the plaintiff filed federal suit prior to

exhausting administrative remedies).

Here, the claims for neglect and withholding of treatment as alleged in Count II were not

raised through the administrative process as required by the FTCA.   Because those claims were

not raised through the VA administrative process, this Court is deprived of subject matter

jurisdiction.   Accordingly, Defendant's Motion to Dismiss under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction, will be granted as to Count II.   Said count will be dismissed.

### c.   Count V-Injunctive Relief

Next, the United States argues that this Court lacks subject matter jurisdiction to confer the injunctive relief sought in Count V of Mr. Stephens' Complaint.   In Count V, Mr. Stephens seeks to enjoin the United States from interfering with his treatments at the Cleveland Clinic. (ECF No. 1 at pp. 4-5)

With regard to requests for injunctive relief, a district court has no subject matter jurisdiction under the FTCA to grant injunctive relief. *See Priovolos v. F.B.I.*, 632 F. App'x 58, 59 n.1 (3d Cir. 2015) (citing *Estate of Trentadue ex rel. Aguilar v. United States*, 397 F.3d 840, 863 (10th Cir. 2005) (recognizing that the FTCA does not authorize federal courts to issue declaratory judgments and injunctions against the United States).

Here, the Court has no authority under the FTCA to grant injunctive relief under Count V of Mr. Stephens' Complaint.  Mr. Stephens' cites to no other authority that would permit this Court to enjoin the United States under the facts as alleged.   Therefore, this Court does not have subject matter jurisdiction to grant Mr. Stephens injunctive relief under Count V of his Complaint.   Accordingly, Defendant's Motion to Dismiss under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction, will be granted as to Count V.   Said count will be dismissed.

### d.   Count VII

The United States argues that Count VII should be dismissed because it does not meet the thresholds under the FTCA for the Court to exercise subject matter jurisdiction.   Count VII pleads no cause of action, damages, or injuries with any particularity.  *Id*. at pp. 4-5.  Count VII

lists several other actions of federal officials that Stephens claims are "illegal." *Id*. at pp. 4-5.
Mr. Stephens alleges that in February 2019 a woman from the Veterans Administration
Huntington Medical Center lied about him threatening the police. *Id*. Mr. Stephens does not
identify the purported VA employee nor allege an injury. Count VII also alleges that the VA
Pittsburgh Health Services fired his primary care physician. *Id*. No action against nor injury to
Stephens is described.  Finally, Count VII alleges the VA Pittsburgh Health Care Services lost
his medical records. Stephens does not identify any tort that these actions individually or
collectively constitute, if proven.

A plaintiff's claim under the FTCA must meet the thresholds under Section 1346(b)(1)
for the Court to exercise jurisdiction. 28 U.S.C. § 1346(b)(1); *FDIC v. Meyer*, 510 U.S. 471
(1994) (finding that six threshold requirements of Section 1346(b)(1) must be met to confer
jurisdiction under the FTCA); *CNA v. United States*, 535 F.3d 132, 140-41 (3d Cir. 2008)
(same).  Under Section 1346(b)(1), a claim must be made:

> "[1] against the United States, [2] for money damages, ... [3] for injury or loss of
> property, or personal injury or death [4] caused by the negligent or wrongful act
> or omission of any employee of the Government [5] while acting within the scope
> of his office or employment, [6] under circumstances where the United States, if a
> private person, would be liable to the claimant in accordance with the law of the
> place where the act or omission occurred."

*FDIC v. Meyer*, 510 U.S. 471, 477, 114 S.Ct. 996, 127 L.Ed.2d 308 (1994) (quoting 28 U.S.C. §
1346(b)(1)).

Here, Count VII of Mr. Stephens' Complaint does not aver a claim, an injury or loss of
property or personal injury, or an act of negligence or wrongful act or omission by any employee
of the Government.  Because he has not met the threshold requirements under Section
1346(b)(1), jurisdiction is not conferred on this Court.  Accordingly, Defendant's Motion to
Dismiss under Fed. R. Civ. P. Rule 12(b)(1) for lack of subject matter jurisdiction, will be
granted as to Count VII.

Therefore, Mr. Stephens' Complaint will be dismissed.  Because it is clear from the Complaint that this Court does not have subject matter jurisdiction over Mr. Stephens' claims, any amendment is deemed futile.

B.  Motions to Dismiss under Fed. R. Civ. P. 12(b)(3) and 12(b)(6)

"When a motion to dismiss is based on lack of subject matter jurisdiction pursuant to Rule 12(b)(1), as well as other Rule 12(b) defenses, the Court should consider the Rule 12(b)(1) challenge first because, if it must dismiss the complaint for lack of subject matter jurisdiction, the accompanying defenses become moot and need not be addressed." *Wyeth and Cordis Corp. v. Abbot Labs.*, No. 8–230, 2008 WL 2036805, at *2 (D.N.J. May 8, 2008); see also *Tagayun v. Stolzenberg*, 239 Fed.Appx. 708, 710 (3d Cir.2007) ("An actual determination must be made whether subject matter jurisdiction exists before a court may turn to the merits of the case."); *McCurdy v. Esmonde*, 2003 WL 223412, at *4 (E.D.Pa. Jan. 30, 2003) ("Without jurisdiction the court cannot proceed at all in any cause.") (citing *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 94–95, 118 S.Ct. 1003, 140 L.Ed.2d 210 (1998)).

Because the Court finds that it has no jurisdiction in this matter, Defendant's Motions to Dismiss under Fed. R. Civ. P. 12(b)(3) and 12(b)(6) will be rendered moot.

III.    Conclusion

After consideration of Plaintiff's Complaint (ECF No. 1) and the documents he has filed in support (ECF Nos. 3-8, 26-29, and 31-34), Defendant's Motion to Dismiss and Brief in Support (ECF Nos. 24 and 25), and for the foregoing reasons, Defendant's Motion to Dismiss under Fed. R. Civ. P. 12(b)(1) will be granted.   Defendant's Motions to Dismiss under Fed. R. Civ. P. 12(b)(6) and 12(b)(3) will be rendered moot.  Plaintiff's Complaint will be dismissed. Any amendment is deemed futile.  A separate order will follow.

DATE   July 24, 2020

Marilyn J. Horan
United States District Judge

Cc:   Karl Douglas Stephens
      2568 Windy Hill Road
      Wellsburg, WV 26070